UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN GREENE,

       Plaintiff                              Civil Action No. 12-14434

v.                                  HON. NANCY G. EDMUNDS
                                        U.S. District Judge
                                        HON. R.  STEVEN WHALEN

COMMISSIONER OF SOCIAL           U.S. Magistrate Judge
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kevin Greene brings this action pursuant to 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits under the Social Security Act.  Both parties have filed summary judgment motions which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, I recommend that Defendant's motion for summary judgment be GRANTED and Plaintiff's motion DENIED.

## PROCEDURAL HISTORY

On August 4, 2009, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability as of July 21, 2009 (Tr. 11).  After the initial denial of the claim, Plaintiff requested an administrative hearing, held on February 8, 2011 before Administrative Law Judge ("ALJ") Troy M. Patterson in Falls Church, Virginia (Tr. 42).  Plaintiff,

represented by attorney Mikel Lupisella, testified by teleconference (Tr. 48-52). Vocational

Expert ("VE") Jacquelyn Schabacker also testified (Tr. 47-48). On April 5, 2011, ALJ

Patterson found that Plaintiff was capable of performing his past relevant work (Tr. 18-19).

On August 31, 2012, the Appeals Council denied review (Tr. 1-4). Plaintiff filed for judicial

review of the final decision on October 6, 2012.


## BACKGROUND FACTS

Plaintiff, born June 8, 1956, was 54 when ALJ Patterson issued his decision (Tr. 19,

234). He completed four or more years of college (Tr. 187)  and worked previously as a

benefits representative and a skilled machine repairer (Tr. 184). He alleges disability due to

bilateral wrist numbness and pain as well as back, hip, and leg pain (Tr. 183).

### A.      Plaintiff's Testimony

*Plaintiff's counsel prefaced the hearing testimony by stating that his client was*

*currently receiving a pension (Tr. 47).*

Plaintiff offered the following testimony:

Hand problems created difficulty performing self care tasks (Tr. 49).  He had not

undergone surgery recommended the previous year by a surgeon (Tr. 49). Hand and back

pain created sleep disturbances and concentrational problems (Tr. 49-50). He was unable to

lift more than 10 pounds or stand for more than 20 minutes (Tr. 50). Epidural injections did

not improve his condition (Tr. 50-51).

Plaintiff held a journeyman's card in machine repair (Tr. 51). He currently lived with

his wife (Tr. 51). He opined that he was unable to go back to his former job as a benefits representative due to hand problems (Tr. 51). He noted that the benefits representative position required the use of his hands to file documents and type (Tr. 51). He added that such manipulative functions caused his thumb to swell (Tr. 52).

### B.    Medical Evidence

### 1. Treating Sources

In June, 2008, Ahmed Arif, M.D. noted Plaintiff's reports of left hand "numbness, burning, tenderness, tingling, weakness, and prickling" (Tr. 276). Plaintiff demonstrated a "mildly positive grind test" but the examination was otherwise unremarkable (Tr. 276). August, 2008 treating records state that Plaintiff's left wrist did not show deformity, swelling, or erythema (Tr. 234). In October, 2008, Plaintiff exhibited back tenderness but denied muscle aches (Tr. 229). An April, 2009 MRI of the lumbar spine showed disc bulging without nerve root involvement (Tr. 269-270, 274-275). Dr. Arif's treating notes state that Plaintiff denied extremity weakness (Tr. 236). In May, 2009, John C. Kohn, D.O. recommended a series of epidural steroid injections in response to Plaintiff's reports of pain (Tr. 273). Plaintiff reported that he had experienced pain since a January, 2009 workplace accident (Tr. 271). Dr. Kohn observed an antalgic gait (Tr. 226, 272). Straight leg raising test was positive for radicular pain on the left (Tr. 272). In May and June, 2009, Plaintiff underwent a series of epidural steroid injections (Tr. 224-225). In August, 2009, Plaintiff reported continued back pain (Tr. 250-251, 297-298). Dr. Arif recommended back exercises and the continued use of Neurontin and Vicodin (Tr. 250). Dr. Arif commented that Plaintiff

"may need to see a neurosurgeon" (Tr. 251, 298).

Dr. Arif's September, 2009 treating notes state that Plaintiff reported left hand pain (Tr. 244-245, 299-300). Dr. Arif prescribed a wrist splint for nighttime use and referred Plaintiff for an orthopedic consultative examination (Tr. 245). In November, 2009, Plaintiff stated that his medication was effective in controlling pain (Tr. 301-302). The same month, plastic surgeon Dong Wha Ohm, M.D. noted Plaintiff's left hand symptoms, recommending that Plaintiff consider surgery (Tr. 312).

In January, 2010, Plaintiff denied that back pain radiated to the lower extremities (Tr. 305). He reported continued left hand numbness (Tr. 305). August, 2010 examination notes by orthopedic surgeon A. George Dass, M.D. discussed "both surgical and nonsurgical" options for treating left hand pain (Tr. 313). Plaintiff exhibited left wrist swelling (Tr. 314).

### 2. Non-Treating Sources

In November, 2009, J.D. Tofaute, M.D. performed a consultative examination of Plaintiff on behalf of the SSA (Tr. 279-285). Plaintiff reported that he had experienced back pain since January, 2007 (Tr. 279). Plaintiff stated that he had fallen in the past when "his knees gave way" but admitted that an EMG of the lower extremities was negative (Tr. 279). He noted that he had already been examined by one hand surgeon and had an appointment for a second consultative examination (Tr. 279). Plaintiff reported that he could sit for up to 30 minutes and walk for 45 (Tr. 280). He demonstrated a normal gait and good facility in both hands, but limited grip strength on the left (Tr. 281-282, 285). Dr. Tofaute found that

Plaintiff should avoid climbing stairs (Tr. 283).

The same month, William Lockhart completed a non-examining Physical Residual Functional Capacity Assessment, finding that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, or walk for up to six hours in an eight-hour workday; and push and pull without limitation (Tr. 287). Plaintiff was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 286). Lockhart stated that Plaintiff's allegations of physical limitations were "vague," noting that the admitted ability to perform self care tasks and light housekeeping demonstrated the capacity for "at least sedentary" work (Tr. 291).

### C.   Vocational Expert Testimony

VE Schabacker classified Plaintiff's former work as a machine repairer as skilled at heavy exertional level (as performed) and exertionally medium (as generally performed in the national economy)[1] (Tr. 47). She testified that Plaintiff's position as a benefits clerk was exertionally medium (as performed) and sedentary (as generally performed) (Tr. 48).

---

[1]20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy* work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.

D.     The ALJ's Decision

Citing Plaintiff's medical records and testimony, the ALJ found that Plaintiff experienced the severe impairments of lumbar disc disease and back pain but that neither of the conditions met or medically equaled the impairments found in Part 404 Appendix 1 Subpart P, Appendix No. 1 (Tr. 13, 15).  The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC") for a full range of exertionally light work (Tr. 15).  The ALJ determined that Plaintiff was capable of working as a benefits representative as the job was "generally performed" in the national economy (Tr. 18).

The ALJ discounted Plaintiff's alleged degree of limitation, citing April and May, 2009 examination notes showing the absence of neurological or muscular abnormalities (Tr. 16).  He cited a consultative examiner's finding that Plaintiff exhibited a normal gait without the use of a cane (Tr. 17).

### STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir.  1985).  Substantial evidence is more than a scintilla but less that a preponderance.   It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way,

without interference from the courts." *Mullen v. Bowen,*   800 F.2d 535, 545 (6th Cir. 1986)(en banc).  In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.  *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §416.920(a).  The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five  to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy."

*Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS[2]

### The Vocational Testimony

Plaintiff disputes the finding that he could perform his past relevant work as a benefits representative. *Plaintiff's Brief* at 7-11, *Docket #10.* He contends that the ALJ improperly delegated his authority to the VE in making the Step Four finding. *Id.* at 7. He cites the VE's testimony that the benefits representative position was performed at the medium exertional level, noting (in effect) that such work exceeds his RFC for light work as found in the administrative decision. *Id.* at 7-8 (citing Tr. 15). Plaintiff also argues that the ALJ did not abide by the requirements for a Step Four determination. *Id* at 9-10; SSR 82-61, 82-62.

At Step Four of the sequential analysis, the Commissioner first considers whether the claimant has the RFC to perform the functional demands and duties of a past job as actually performed by the claimant. SSR 82–61, 1982 WL 31387, *2 (1982). If so, the claimant is not disabled. Here, Plaintiff's description of the benefits representative position as exertionally medium exceeds his RFC for light work as found in the administrative opinion (Tr. 15, 18). However, the analysis does not end there. If the claimant is deemed unable to fulfill the job duties of the position as performed, the Commissioner is required to consider

---

[2]Any issue not raised directly by Plaintiff is deemed waived. *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002).

whether the claimant can perform the functional demands and job duties of the occupation "*as generally required by employers throughout the national economy*." *Id.* (emphasis added).

Plaintiff argues erroneously that the administrative decision states that he could return to his work "as actually performed," whereas in fact, the ALJ specifically found that the Plaintiff could do the job "as generally performed" in the national economy (Tr. 18).  Given that the VE testified that the job was generally performed at the *sedentary* level, Plaintiff (capable of light work pursuant to the RFC) was capable of fulfilling the job duties of the position (Tr. 48).  While Plaintiff criticizes the ALJ for declining to ask him for a description of his own job duties while working as a benefits representative, the ALJ's finding that the job could be done as a generally performed in the national economy moots the question of how it was actually performed.  SSR 82-61.

Plaintiff appears to object to the ALJ's use of the vocational testimony in determining whether he was capable of returning to his past relevant work.   However, the ALJ did not err in consulting the VE in making the Step Four finding.  *Studaway v. Secretary of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); *See also Mays v. Barnhart*, 78 Fed. Appx. 808, 813–814, 2003 WL 22430186, *4 (3rd Cir. October 27, 2003) ("At step four of the sequential evaluation process, the decision to use a vocational expert is at the discretion of the ALJ"). While "'the ultimate responsibility for making the necessary findings at [Step Four] rests with our adjudicators . . . it is appropriate for our adjudicators to consider evidence from a VE, VS . . ." *Merkel v. CSS,* 2008 WL 2951276, *3-4 (E.D. Mich. July 29,

2008)(Lawson, J.)(citing 20 C.F.R. § 404.1560(b)).

Plaintiff's argument that the ALJ did not abide by the requirements of SSR 82-62 in making the Step Four finding is also without merit. In making the Step Four determination, a three-prong test must be met in order to find that a claimant can return to his past relevant work: "(1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job; and (3) a finding of fact that the individual's RFC permits a return to that past job." SSR 82–62, 1982 WL 31386,*2. The ALJ complied with these requirements by finding that Plaintiff's ability to perform a full range of light work exceeded the requirements for the position of benefits representative as the position was performed at the sedentary level in the national economy (Tr. 15, 18).

Although not argued by Plaintiff, substantial evidence supports the finding that he was capable of a full range of light work (Tr. 15). As to the alleged left upper extremity limitations, the ALJ cited Dr. Tofaute's consultative findings that Plaintiff was capable of making a fist and picking up items with the left hand (Tr. 14, 281-282, 285). The ALJ also cited subsequent examining findings showing that Plaintiff was offered both surgical and non-aggressive treatment for limitations of the non-dominant hand, yet as of the hearing had not elected more aggressive treatment (Tr. 14, 305, 313). The ALJ declined to adopt Lockhart's finding that Plaintiff was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling (Tr. 286) noting the absence of "sensory, motor or

-10-

vascular" deficits of the lower extremities[3] (Tr. 16).  However, the ALJ supported the finding

that Plaintiff was capable of a full range of light work by noting that August, 2008, February,

2009, July, 2009, and January, 2010 medical records showed the absence of radiating pain

(Tr. 16), and citing Dr. Tofaute's finding that Plaintiff was able to walk without a cane, heel

and toe walk, and squat without difficulty (Tr. 17).  While Plaintiff would urge the Court to

accept his professed degree of limitation, the ALJ's findings are well within the discretion

allotted to the administrative fact finder.  *See Merkel, supra,* at *4 (citing *Casey v. Sec'y of*

*Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir.1993)).

   In closing, I note that the transcript supports the finding that Plaintiff experienced

some degree of limitation.  I caution that my recommendation to uphold the ALJ's findings

should not be read to trivialize his conditions or concerns.  Nonetheless, the ALJ's

determination that the Plaintiff was capable of returning to his former work is well within the

"zone of choice" accorded to the fact-finder at the administrative hearing level and should

not be disturbed by this Court.  *Mullen v. Bowen*, *supra*.

## CONCLUSION

---

[3]

   Further, a finding that Plaintiff was limited to occasional postural activities would not
change the finding that he was capable of performing the benefits representative position at
the sedentary level: "Postural limitations or restrictions related to such activities as climbing
ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually
erode the occupational base for a full range of unskilled sedentary work significantly because
those activities are not usually required in sedentary work." SSR 96-9p, 1996 WL 374185,
*7 (July 2, 1996).

For the reasons stated above, I recommend Defendant's motion for summary judgment be GRANTED and Plaintiff's motion DENIED.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: September 24, 2013                     s/ R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 24, 2013, electronically and/or by U.S. mail.

s/Michael Williams
Case Manager for the
Honorable R. Steven Whalen
